UNITED STATES (PHILLIPS v.). See Case No. 11,107.

---

## Case No. 16,041a.

UNITED STATES v. The PICAYUNE.

[New York Times. Nov. 7, 1863.]

District Court, S. D. New York. Nov., 1863.

WAR—CONFISCATION ACTS—ENFORCEMENT OF FORFEITURE—PLEADINGS AND PROCEDURE.

[In a proceeding under the confiscation act of August 6, 1861 (12 Stat. 319), to forfeit an interest in a vessel, the pleadings and proceedings are subject to like rules as in ordinary cases of prize of war, and therefore the mere charge of the offence is all the specification that need be made in a libel alleging that the property was seized as prize.]

This was an information filed to forfeit two-sixteenths of the vesssel, as being owned by inhabitants of the state of Louisiana, under the act of congress of July 13, 1881 [12 Stat. 255], and the proclamations of the president dated April 15 [12 Stat. 1258] and August 16, 1861 [12 Stat. 1202]. The vessel was seized under the process. After the return of the process by consent of the district attorney the two-sixteenths was bonded in the sum of $3,125, its appraised value, by John H. Brooks, the master, with the condition that "claimants have the right to surrender the two-sixteenths in the same condition as when bonded, at any time previous to the forfeiture of the said bond for value."

The master afterwards filed an answer in the cause stating: 1st. That he had claimed and bonded the vessel and she had been delivered to him; 2d. That he denies all the statements in the libel; 3d. That he excepts to the libel that no cause of action is set forth or embraced within it; and 4th. That the libel does not disclose facts sufficient to justify a decree of condemnation. The case was submitted to the court on the pleadings.

Beebe, Dean & Donohue, for claimant.

HELD BY THE COURT (BETTS, District Judge). That these allegations are inadequate and faulty as matters of pleading, because Brooks does not connect himself in interest with the cause. That in point of form and regularity the pleading establishes no fact which can in law inure to the defence of the vessel. That if the paper can be accepted as a general issue to the information, it admits all the averments set forth in that pleading and can rely only on their legal inefficiency. That the pleadings are doubtless to be regarded within the spirit of the act of August 6, 1861, and subject to like rules of procedure as in ordinary cases of prize of war. In these cases, the mere charge of the offence is all the specification that need be made in a libel alleging that the property was seized as prize. That the allegations in this libel clearly place this vessel within a range of facts which make her confiscable by the law. It states: 1. That two-sixteenths of the vessel were the property of Albert Connor and Addison Cammack of New Orleans, La., and that it was seized within the navigable waters of this state. 2. That a state of insurrection and condition of hostility existed and still remains between the inhabitants of the state of Louisiana and the United States; and 3. That such steps had been taken by the president under existing laws, as to give full action and effect to the condemnatory provisions of the act of July 13, 1801, and to bring the vessel within that

act. That these allegations mark out with adequate distinctness the corpus delicti imputed to the property, and nothing is discerned by the court disabling it from being executed in the condemnation and forfeiture of the vessel. Decree of condemnation and forfeiture accordingly.